May it please the Court, my name is Paul Prather. I'm here as counsel for Terminix Int'l and Ernest Walker. The case is pretty well briefed and I sense the Court reads the brief, so I'll try not to restate much of what's there. I think this is a novel issue, at least I couldn't find this issue being decided in the jurisprudence of this Court, but it involves a fairly straightforward application of the principles that were set forth in the opinion of the other Judge Fletcher in Countrywide Home v. Mortgage Guarantee, and the issue there being the discretion of a judge to dismiss under 41A2 an opposed dismissal when a motion to compel arbitration is pending. And in the Countrywide case, it didn't involve 41A2, it involved a remand under the Declaratory Judgment Act, so it's different, but that was discretionary in very much the same way. And I think the question is, well, discretion covers a lot of territory and Declaratory Judgment v. 41, those are very different questions. Well, they are different, and in fact, I'm not sure whether one has more than the other, but I'll concede that they're different. But this all harkens back, and Judge Marshall's opinion back in Dean-Whitter, where we were talking about the discretion of a court in the face of an arbitration motion to apply the intertwining doctrine, which existed in about three circuits, including this one, and the Supreme Court rejected that. Intertwining doctrine under? You know, there was a doctrine that existed back before 1984 when Dean-Whitter was decided that where you had both arbitral and non-arbitral claims and they were so intertwined, the thinking was that at least in three circuits followed this rule, that, including the Ninth Circuit, that you could, in the discretion of the court, refuse to send the claims to arbitration because of the complexity of dealing with some claims in arbitration and some not. Some circuits, there was a split in the circuit, and that was resolved by Judge Marshall's opinion. But what is important from Judge Marshall's opinion, I encourage you to go back and read it if you haven't, is he talked about the fact that the FAA robs the district judge of discretion. And it's important to look at the language. When this came to my attention, I went back and read Section 3 of the statute says, uses the word shall stay. Section 4 says... Now, what's interesting about that is it also says that the district court, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement. And as I understand this case, there was one claim at the time, right? And it was the Paga claim. And at that time, it was pending before the question of whether you could waive a right to trial by jury for a Paga claim in California was under, was pending before the California... It was a Canadian decision. It was pending before the California Supreme Court at that time. And then the California Supreme Court came out and ruled that it was not. And so at the time that she dismissed the Paga case, instead of referring it to arbitration, the district judge couldn't be satisfied that it was referable under California law. It's a California statute. And this is what's so very important about the process that happened. She didn't rule on it. She said it was moot. She allowed the dismissal and ruled that it was moot. So had she ruled on it, in fact, this is where the distinction becomes very important. Had she ruled on it... Wait. Ruled on what? On the motion to compel arbitration. She said it was moot by the dismissal. And so had she ruled on that, then Terminex and Mr. Walker would have had a... But she dropped a footnote saying, explaining exactly why she couldn't rule on it. She said in the absence of the above-referenced dismissal, the Court would find it appropriate to defer ruling on defendant's motion pending the California Supreme Court's decision in Iskanian. And so she might have waited and done nothing with it had she not dismissed. But I guess practically speaking now, what are we – you want us to send it back to the district court, and I'm just trying to figure out why should we force the district court to decide the arbitrability of a claim that is plainly, now, not arbitrable? Because not only has California weighed in, but the Ninth Circuit has weighed in. Absolutely. In fact, we have the opinion of Judge Myelin-Smith and the contrary opinion of Judge N.R. Smith. Well, it's a dissent. As a dissent. And then a district judge from Illinois, Judge Lefkow, who was a part of the majority there. And we have a pending... Does that matter to you? I mean, why are you – I don't understand what's the precedent here is the fact that that case was decided by a majority. I mean, who was on it? It's binding authority, Judge. I'm not arguing that. But what I'm – my point is there's now a pending motion for en banc review that was filed in the middle of the last month on that. So we haven't finished writing the story about that. I understand. I appreciate that. But as of right now, if this went back, why – to what end is what I'm trying to figure out? I would say the judge would have two choices right now, today. If you remand this case, as I think you should, and she should do... Well, we have a choice now. Well, I understand. But if you remand it, then, as I'm asking you to do, then the judge would have two choices. She could follow that precedent or wait – or put it a hold, as she was going to do for the Skanian, and wait to see what happens on the en banc review from the local judge. Well, you know, let me go at this a different way, and I won't talk about arbitration until the very end. So we have a complaint that's filed in state court that includes a PAGRA claim, but other claims that are subject to CAFA. Right. It's removed based on CAFA. Right. Plaintiff says, I don't want to be here, and tries to get – says, okay, I'm not going to pursue the CAFA claims. Then dismiss the whole thing. No, no, I'm telling the story, and you can respond after I've told the story. I'm sorry. And then you can agree or disagree. Okay, so now the plaintiff says, all I've got left is the PAGRA claim, and I want a remand. And the district judge says, I think correctly, sorry, post-removal amendments don't necessarily get you a remand. So he says, well, in that case, I just want to dismiss. Now, if there weren't an FAA claim in here, I see absolutely no impediment to a dismissal at that point. Well, I'm – I will beg to disagree on that, and one of the other points. See, what happened is – Okay, so why do you disagree – Excuse me. Let me just ask the question. So you're saying that when somebody is in federal court with a claim that is now not subject to remand, the district judge lacks discretion to allow voluntary dismissal? No, I'm not saying it lacks discretion. I think what the judge should have done is allowed a response to be filed, which was due in 14 days, rather than rule in two days. And in that response, the argument would have been – the argument that's made in the papers here would have been there's prejudice by the forum shopping that's going on here. Isn't that the pot calling the kettle black? Well, perhaps, Your Honor. Because you were forum shopping when you removed it to federal court in the first place. Congress gave the right to do that. I realize that, but you were doing – you want it in federal court, and they want it in state court, so – Absolutely. You're right. I mean, you have the right to do that, but if you look at some of the cases, and the – one of the cases that I think is – Well, let's look at one of the cases. Instructive. If I could ask you a question. Sure, sure. And that's the Morris case? The Morris case? I mean, I'm trying to figure out how this fits in here, but it seems to me that that stands for the proposition that the district court can still grant Rule 41 dismissals – dismissals, not remands, but dismissals – despite the pendency of arbitration matters. It seems like that that's even a more drastic step to me to dismiss once a case is in court. So I'm wondering if you could address that. Sure. In Morris, the case went to arbitration. The plaintiff didn't prosecute it, and after a period of time, it was dismissed not under 41A too, but under 41B. I know, but still a 41 dismissal. Right. But I think it's different, and I think a court, after it extends a case to arbitration, the jurisprudence of this court retains jurisdiction over the case, and the failure to prosecute under 41B would be – would seem to be appropriate, and I'm not sure that case – it doesn't mean that the court couldn't dismiss this case, Your Honor. What the court should have done is allow – rule in the motion for – to compel either – if she sent it to arbitration, then it goes to arbitration. If she denies it, then the second step that should have occurred here would have been a ruling with reasons, which we have none of here, in terms of the reason for the dismissal. But why – I mean, I don't think we encourage courts – or we're not encouraged to rule on things that we don't have to. And if there's a dismissal, a motion for dismissal, I mean, saying I just want out of this, not I want to go back to the State court or the motion to remand, I'm just trying to figure out policy-wise why we wouldn't do it. And then it seems to me that Morris is a more egregious case, I guess, in terms of in that case it's precedent saying, hey, a district court can rule – can dismiss a case. Once it's in arbitration, I know that there was a lack of – but it's actually in arbitration. So I'm trying to figure out why, if Morris is good law and precedent and binding, then why wouldn't we follow that? I think there's two questions there, or at least I'm going to answer them as two questions, Your Honor. And the first one is the why have to. And the have to goes to the compulsory nature of the FAA. The court – in fact, it says shall stay, shall hear the parties, shall have an expedited process to determine if there's an agreement that's enforceable between the parties. And then what's important about all that is if the court rules on it, then the appeal of that ruling, which is of right if it's denied, is a de novo appeal, not an appeal as a matter of discretion. So that's where there's real harm here. And that's just now as to – as to why it's a dismiss. You've got me if it's a motion to remand, but I just – I'm just having a little trouble when it's a motion to dismiss. Under 41. That's right. It's – the reason here is the court jumps the gun and grants the ruling without a response and without ruling on the motion to compel arbitration, which I believe the court was – that was required to do that first and foremost under that. And, for instance, in Morris, the court had already granted the – sent the case to arbitration. It was just retained jurisdiction, said if you're not proceeding, I'm taking it back and I'm tossing you out, which I have no disagreement. It just doesn't have an application in my mind to this particular set of facts. Let me ask the question in a different way. Sure. Now, putting to one side the Rule 41, let's assume that we had a straightforward filing in Federal court. Motion for arbitration. Right. Plaintiff then files a 41 motion and says, I want to take a volunteer dismissal. Is there anything that prevents the district judge from dismissing? Not a thing. In fact, that's exactly the case, one of the cases. Why is this case different merely because it was removed? Well, I mean, there's nothing – you have to rule on the motion to compel first, is what I'm saying. No, no, maybe you misunderstood the question and didn't answer the way you wanted to, because I'm asking you, okay, filing in Federal court, defendant makes a motion to compel arbitration, plaintiff makes a motion under Rule 41 for dismissal, what's to prevent the district judge from not ruling on the FAA motion but just dismissing? I don't think the judge can do that. If there's been, and particularly if there's been an answer or summary judgment motion, which gets us to 41. Well, no, I'm assuming we're under 41D. So we're under 41A2. A2, sorry. I think you can't do that. Because? Do you have a case? Because of exactly the language in Countrywide, there's no discretion. I don't think Countrywide controls this one, yeah. Okay. I think that's the. If you're relying on Countrywide, I don't think it gets you there. Okay. Well, that's. Is there any other case? That's the only case that has. I mean, it comes from the Dean Whitter precedent. But that is the precedent. And I think the rationale of it is. If that's all you've got, I think we're doing some open field running here. Well, it's a novel issue. I'll concede that as well. Okay. Thank you, Your Honor. I'm going to reserve my last two minutes, if I may, Your Honor. Thank you. May it please the Court, Your Honor. My name is Larry Lee. I represent the plaintiff and appellee. My argument is going to be short. I think Your Honors have flushed out most of the issues. What I do want to address is this prejudice argument that has been significantly briefed by the appellant. And that wasn't really addressed. And the reason being, there is no more prejudice at this point. Also, didn't they address prejudice in their reply on the motion to compel arbitration? Yes. Didn't they argue that your motion for voluntary dismissal shouldn't be granted? And here's the reason why the appellant asked that. Because at the time they did that, some district courts were not complying with Iskanian, with California Supreme Court's Iskanian ruling. Some district courts said, we're not going to agree with that. We think the opposite. And so the appellant at that time wanted the district court in our case to rule on it, hoping that they would rule the same way as some other district courts in refusing to adopt Iskanian. And that's the harm that they are saying they suffer, because they didn't get that very opportunity to make that argument. Well, two months ago, Your Honor, the Ninth Circuit issued its ruling in Sakha versus Luxottica. That's 803 F3 425. And that was on September 28, 2015. In that case, the Ninth Circuit finally adopted Iskanian and said Iskanian is not the law of this circuit. So that entire argument of hoping the district court would refuse to comply with Iskanian is out the window now. If we go back, like you said, what happens if we go back? If we go back. Sotomayor, I understand that, but I'll tell you, I'm troubled by this case. I mean, this is a really unusual and novel situation, because the countrywide and all the other authority regarding arbitration makes it pretty clear and is becoming increasingly more and more clear that the district courts especially have less and less discretion and have to decide this arbitration motion to compel. Because the way I read the plain terms of Section 3 is that a district court has to reach the merits of an arbitration motion before it can exercise its discretion to get rid of the case. And I'm looking at the Federal Arbitration Act that says it leaves no place for the exercise, or this was the Dean Witter case, where the Supreme Court says the Federal Arbitration Act leaves no place for the exercise of discretion by a district court, but instead mandates that the district courts shall direct the parties to proceed to arbitration on issues to which an arbitration agreement has been signed. And then we said in countrywide that the express terms of the statute do not allow a district court to abstain from granting relief in cases where its jurisdiction is proper. And the jurisdiction here was proper. And then also, if we look to Section 3, it says it requires a Federal court to decide an FAA motion that is properly before it. So I'm just trying to figure out why, with all this authority, why wasn't the district court required to rule on the motion to compel? I would argue, Your Honor, that the difference is in those cases the claims were subject the arbitration agreement was enforceable, the claims were subject to the FAA. This is a POGA case. The Ninth Circuit has already stated that. No, but it was an FAA. If it wasn't, it was a question about the arbitration before. I know it's a POGA case, but there was a clause, apparently, that was being disputed. I mean, that's the whole purpose of the reason why you dropped the class action, wasn't it? Correct, Your Honor. All right. So once that happened, why wasn't the district court required, based on all of this authority, to rule on the motion to compel? Well, I think the district court has the discretion. I don't disagree that the district court could have considered the motion to compel arbitration before granted dismissal. That's certainly within its discretion. But I think at the same time, district court also has discretion to say, you know what, I'm not going to, I'm going to dismiss it and I'm not going to make any sort of substantive rulings before I dismiss it. I think that's within the district court's discretion. What's your best authority? It's the Morris case. But in Morris, they had gone to arbitration, so there was no issue about ruling on the motion to compel. That's correct, Your Honor. So that's a little bit different than here. But the defendants or the other party had their ability to have their case, you know, go to arbitration. The problem was that there was a failure to prosecute down in arbitration. So I'm struggling a little bit with that. I believe what I would say, Your Honor, in Morris, the court had compelled arbitration. So the court could have said, I don't have discretion anymore. I've compelled arbitration. It should be in the arbitrator's discretion to decide. But they didn't, the court didn't say that. It said, no, the court still has discretion to decide whether to dismiss this. Even that. I know, but my point is, though, that the other side in Morris had the ability to have their case go to arbitration. The motion to compel had been ruled on. So there's, in some way, you look at it, less harm to them in that case. Because it's like, well, we tried and we had the ability. We were not denied the opportunity to have our case arbitrated. I hear what Your Honor is saying. There's not a case directly on point on this very issue. It is sort of a novel issue. What I would say, again, going back, is we could do that. This court could remand it and ask the court to make the decision. But let's look at what would happen in that case. We would be at this very same place. The court would simply deny it based upon the recent Sakab versus L'Exotica matter. And we'd be sitting in court. There would be no arbitration. So, quite frankly, I think it would be sort of an inefficient, wasting our time to do that. Did your original state court complaint also include a PGA claim? I'm sorry, Your Honor. Did your original state court complaint include a PAGA claim? Yes. And class action? Yes. All right, and I suppose now people aren't doing that anymore in California, right? No, I still do it. People still do it. But then if you want to be in state court, you're making yourself subject to CAFA. And then you're making yourself vulnerable to a motion to compel for arbitration. Well, I would say a lot of times plaintiffs don't know if there's an arbitration agreement. A lot of times plaintiffs don't recall if they ever signed an arbitration agreement. That's just a risk we all have to take. But that's something you should figure out before you file the complaint. Well, a lot of times we don't get the sufficient. But let me go back to respond to Your Honor. There really isn't no risk at this point because of the Sakab case that has come down. I know, but the other side of that argument is that we might go on bonk on this other one. And we might say that we don't apply that case in federal court. But that's all very speculative, of course. But we're almost in the same position that the district court judge was. She didn't want to roll because she knew that the California Supreme Court was going to say whether or not this had to be pretty soon. She knew that. And she didn't want to send it to arbitration if it was going to be determined that it was not subject to arbitration. Correct. So it's pretty unique circumstances here. Correct, Your Honor. Can we affirm on a different ground and say, well, now that we know not only what the California rule is, but that the Ninth Circuit has agreed with the rule. That was going to be my other statement, too. Yes, you could affirm. Whether or not she had the power as the law then existed. Right. To dismiss under 41A2. She clearly would have the power now. Correct. Given that the law is now established in the Ninth Circuit. Correct, Your Honor. That's what's going to be my next statement is you could simply do that here. Because, again, going back would just have the same result. What do you do with the possibility that we might go on bonk, that the Supreme Court might take the case reverse? I mean, you know, I don't regard the Paga decision by the California Supreme Court as invulnerable to reversal by the United States Supreme Court. The record of the California Supreme Court in arbitration cases resembles the record of the Ninth Circuit in criminal cases. Well, let me say that. Habeas cases. Habeas cases, I should say, yes. I am confident that nothing will change, and here's why. The Iskanyan ruling has already been petitioned for cert before the U.S. Supreme Court, from the state venue to directly twice. And both times the U.S. Supreme Court has rejected cert. So we're confident the U.S. Supreme Court has indicated, let Iskanyan stand, that we're not going to touch it. So we don't think that a bonk is going to change anything. So I hear that, that the chances are diminishing. Correct, Your Honor. I have nothing further unless Your Honor has any other questions. Thank you. Thank you. A couple of more points, if I might, Your Honor. At the time, Iskanyan hadn't been decided, but even post-Iskanyan, I think the overwhelming majority of the district judges in the state rejected Iskanyan and sent the pocket claims to arbitration. So Sakat was a significant turn in at least where the law was at the district court level, and there's a number of those cases cited. It's not important at the moment in the sense, but here's what really could happen here. If it goes back on remand, the judge, as I said, either denies arbitration or I don't think she can grant arbitration at this point because Iskanyan, because Sakat is binding authority. So she either denies the arbitration, in which case my client then has, under Section 16, a de novo right of appeal and may want to pursue that to preserve its rights and to see what happens on the en banc or possibly the Supreme Court, because I'm not so confident, Mr. Lee's right, the Supreme Court's not going to get interested in that, but they only seem to take up two at a time and they have two California arbitration cases up at the moment. But that would be what would happen. But even if the arbitration is denied, the judge did not give us any reasons as to why dismissal was granted, because one of the harm there that was raised by several of the cases, the Kern decision, the Royob decision, which is in the briefs, is the deprivation of Federal forum. And, frankly, the PAGA claim could pursue, could proceed in court in a Federal forum as well as it could in State forum, and my clients had the right to select that and selected it correctly on the forum. Kennedy, but if the argument, the argument you've been so far pursuing is that the jester judge erred because she didn't have the right to make a 41 ruling in the face of a request for arbitration. That now is gone. So you're now saying your client has a right to proceed on the PAGA claim quite aside from that. That takes us into absolutely standard territory for a Rule 41 motion. Well, you're right. The problem is, as we, as was briefed in the briefs, is you have no rulings in what was going to, what would have been an opposed motion. I mean, the footnote in the, in the, told the judge that. But an opposed motion on the arbitration point at this point is frivolous, unless you're trying to appeal it for en bas or in the Supreme Court. I'm not communicating well with you. When, when Terminex filed its response, its motion, its reply motion in support of its motion to compel, it, it was the day, the same day the plaintiff moved to dismiss and said in their, you know, don't dismiss, there's prejudice, it's forum shopping and we want more time for briefing. And under the local rules, they would have had 14 days to respond to the motion dismissed. The judge acted in two days without any reasons, just granted the motion. And had that been, had my client been permitted to respond under the rules, as it should have been under the local rules, then the question before the district judge in her discretion, I agree, would be whether or not forum shopping is a legitimate reason to deny the request. And there's a number of cases cited in the briefs where that, in fact, is the issue. One of them was an old case from the Ninth Circuit where, you know, trying to, trying to shop between multiple judges was a basis to deny a, a Rule 41-2 motion. So I think the judge just jumped the gun here, going back, I'm not going to predict what happens, but my client was prejudiced by the fact that their motion to compel wasn't ruled on, which prejudices their rights of appeal under Section 16 of the FAA, which would be a de novo right to appeal. And we never got that ruling because the judge did exactly what Judge Fletcher said you can't do, and that is you can't exercise discretion in the face of the FAA. You just don't have discretion. All right, thank you, counsel. Thank you very much. You've gone over your time. Rivas versus Terminex is submitted. We will take up Barrow versus Lepetsky.
judges: Wardlaw, W. Fletcher, Murguia